United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 02-30727

—————————————

IN THE MATTER OF:  CAJUN ELECTRIC
POWER COOPERATIVE, INC.,

                                                    Debtor,

LOUISIANA PUBLIC SERVICE COMMISSION,

                                                    Appellant,

versus

RALPH R. MABEY, Trustee; RURAL UTILITIES
SVC; SOUTHWEST LOUISIANA ELECTRIC MEMBERSHIP
CORP.,

                                                    Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
(02-CV-243-B)
--------------------

Before WIENER and BARKSDALE, Circuit Judges, and FURGESON,[*]
District Judge.

PER CURIAM:[**]

     Plaintiff-Appellant Louisiana Public Service Commission

("LPSC") appeals the Bankruptcy Court's denial of LPSC's claim for

amounts due under the terms of a settlement agreement stemming from

---

     [*] District Judge of the Western District of Texas, sitting by
designation.

     [**] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the bankruptcy of Debtor Cajun Electric Power Cooperative, Inc. ("Cajun"). The Bankruptcy Court grounded its rejection of LPSC's claim on the court's contractual interpretation to the effect that, under the terms of a settlement memorandum referred to as "LPSC/RUS/Trustee Term Sheet," Cajun was not required to continue the so-called "interest rate escrow payments."

When distilled to its essence, the LPSC's argument is that the pre-existing orders of the LPSC are the law; that every contract –– including the instant settlement as reflected in the term sheet and other instruments and correspondence –– remain subject to the law; and that the subsisting orders of the LPSC mandate that Cajun continue to make full payment into the subject escrow account. The Trustee's position, oversimplified, is that in Louisiana the contract is the law between the parties; the parties can contract around or out of any laws that are not mandatory or do not embody public policy; and that the parties to the settlement agreement –– one being the LPSC, which issued the orders in question –– did so in the instant settlement to the extent it is incompatible with those orders.

We have reviewed the applicable portions of the record on appeal, paying particular attention to the term sheet and related correspondence and documentation, and we have reviewed the excellent appellate briefs of counsel and listened carefully to their equally excellent oral arguments. In the end, we are satisfied that the Bankruptcy Court, as affirmed by the district

2

court, committed no reversible errors in its legal rulings, made no clearly erroneous findings of fact, and did not abuse its discretion in the exercise thereof. Consequently, the applicable rulings and judgment of the Bankruptcy Court are, in all respects, AFFIRMED.